GALINA KLETSER JAKOBSON (SBN 191227)
gjakobson@selmanbreitman.com
JOEL A. MORGAN (SBN 262937)
jmorgan@selmanbreitman.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Plaintiff TITAN INDEMNITY COMPANY,
A Texas Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITAN INDEMNITY COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>A PLUS TOWING, a General Partnership; JOSE HERMOSILLO, individually and dba A PLUS TOWING; FERNANDO HERMOSILLO, individually and dba A PLUS TOWING; A PLUS TOWING, a business organization form unknown, and KATRINA RAPP, an individual, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>TITAN INDEMNITY COMPANY'S COMPLAINT FOR:<br><br>(1) DECLARATORY RELIEF REGARDING DUTY TO DEFEND; AND<br><br>(2) DECLARATORY RELIEF REGARDING DUTY TO INDEMNIFY<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff TITAN INDEMNITY COMPANY ("Titan" or "plaintiff"), by and through its attorneys, SELMAN BREITMAN, LLP., and alleges herein as follows:

## I. JURISDICTIONAL ALLEGATIONS

1. This is an action for declaratory relief pursuant to 28 U.S.C. §2201(a) requesting a judgment declaring the rights of plaintiff Titan with respect to an actual controversy arising under an insurance policy.

2. Titan is informed and believes and thereon alleges that jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because Plaintiff is diverse from all defendants and the

1

297068.4 1014.34048

1  amount in controversy exceeds $75,000.00.

2  3. Titan is a corporation with its principal place of business in the State of Texas, and was at all relevant times authorized to do business and was doing business as an insurer in the County of Sonoma, State of California.

4. Titan is informed and believes and thereon alleges that at all times relevant herein, defendant JOSE HERMOSILLO ("Jose, Sr.") was an individual doing business under the fictitious business name A Plus Towing in Sonoma County, California.

5. Titan is informed and believes and thereon alleges that at all times relevant herein, defendant FERNANDO HERMOSILLO ("Fernando") was an individual doing business under the fictitious business name A Plus Towing in Sonoma County, California. Titan is informed and believes and thereon alleges that Fernando was a partner of Jose Sr. in A Plus Towing and is the son of Jose, Sr.

6. Titan is informed and believes and thereon alleges that at all times relevant herein, defendant KATRINA RAPP ("Rapp") was an individual residing in Sonoma County, California.

7. On October 2, 2012, Rapp filed a complaint, entitled *Katrina Rapp v. A Plus Towing, et al.* in the Superior Court of California, County of Sonoma, Case No. 252443 ("Initial Litigation"), seeking damages against Daniel Eugene Roberson ("Roberson"), A Plus Auto Sales, and Fernando Hermosillo dba A Plus Towing and/or "A Plus" Auto Sales. In the Initial Litigation, Rapp sought damages arising from injuries she allegedly sustained as a result of an accident on or about August 24, 2012, when a trailer, which had been stored at A Plus Towing, and purchased and attached to his vehicle by Roberson, detached from Robertson's vehicle. Rapp alleged that defendants negligently allowed the trailer to be towed without adequate safety equipment. A true and correct copy of the complaint in the Initial Litigation is attached hereto as **Exhibit 1**. Titan is informed and believes that Rapp has settled the Initial Litigation with defendant Roberson, and that Rapp subsequently dismissed Fernando Hermosillo dba A Plus Towing on September 13, 2013, without prejudice.

8. A subsequent complaint was filed by Rapp on April 14, 2014, entitled *Katrina Rapp v. A Plus Towing, et al.*, in the Superior Court of California, County of Sonoma, Case No.

255299 ("Underlying Litigation"), seeking damages against A Plus Towing, a General Partnership; Jose Hermosillo, individually and dba A Plus Towing; Fernando Hermosillo, individually and dba A Plus Towing; A Plus Towing, a business organization form unknown, and Does 1-10. Rapp alleges in her April 14, 2014 complaint that A Plus Towing, a General Partnership; Jose Hermosillo, individually and dba A Plus Towing; Fernando Hermosillo, individually and dba A Plus Towing; A Plus Towing, a business organization form unknown, and Does 1-10, owned the subject trailer, and that said defendants negligently allowed the trailer to be towed on a public road without adequate safety precautions. Rapp alleges that she was struck by the subject trailer on August 24, 2012, resulting in Rapp sustaining "grave bodily injuries." A true and correct copy of the complaint in the Underlying Litigation is attached hereto as **Exhibit 2**.

9. On February 20, 2014, Martin Reilly, Esq., counsel for Rapp in the Initial Litigation and the Underlying Litigation sent a settlement demand to Titan. A true and correct copy of the February 20, 2014 correspondence is attached hereto as **Exhibit 3**.

10. On May 30, 2014, following the filing of Underlying Litigation, counsel for Rapp sent subsequent correspondence to counsel for Titan, renewing the settlement demand. A true and correct copy of the May 30, 2014 correspondence is attached hereto as **Exhibit 4**

11. Titan alleges that Rapp and DOES 1-10 are parties who claim or may claim rights under the Titan policy issued to Jose Hermosillo, Sr. dba A Plus Towing ("A Plus Towing") with respect to the Underlying Litigation described below, and as such, are necessary parties herein so the declaration of the parties' rights, duties, and obligations will be binding upon defendants, and each of them, including Rapp and DOES 1-10.

## II. VENUE ALLEGATIONS

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391, subsection (a), because all defendants reside and/or have a principal place of business within Sonoma County.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391, subsection (b), because a substantial part of the events or omissions giving rise to the claim herein occurred in the Northern District of California. Specifically, the Underlying Actions were filed in the Superior

Court of the County of Sonoma. The Underling Action arises from claims of personal injury arising from an accident involving a trailer that was stored at A Plus Towing, and attached and towed by Robertson, all of which occurred in or about Windsor, California, in the County of Sonoma.

14. Titan alleges on information and belief that the individual defendants reside in or near Windsor, California.

15. Titan is and was, at all times relevant herein, authorized to, has and continues to transact business in the State of California.

16. Titan issued Policy No. 9643601, in California, to Jose Hermosillo, Sr. dba A Plus Towing ("A Plus Towing"), effective June 6, 2012 to June 6, 2013 ("Titan Policy.")

17. Titan is unaware of the true identity, nature and capacity of each of the defendants designated herein as DOES 1-10. Titan is informed and believes and thereon alleges that Defendants DOES 1-10 are persons or entities that are insured by, or otherwise claim right to, policies of insurance issued by Titan, and are implicated by the allegations herein. Upon learning the true identify, nature and capacity of Defendants DOES 1-10, Plaintiff Titan will amend this Complaint to allege their true names and capacities.

18. Titan is informed and believes and thereon alleges that, at all material times herein alleged, the Defendants, including the DOE Defendants 1-10, and each of them, were the agents, servants, employees, members, associates, shareholders, officers, directors, joint venturers, and/or alter egos of the other Defendants, and each of them.

### III. THE UNDERLYING ACTION

19. Plaintiff Titan incorporates by reference herein all the allegations set forth in the Underlying Litigation, *Katrina Rapp v. A Plus Towing, et al.* in the Superior Court of California, County of Sonoma, Case No. 255299.

20. Titan is informed and believes, and thereon alleges that the Underling Litigation involves a 4' by 5' automotive trailer ("Trailer") which was owned, through August 24, 2012, by Jose Hermosillo, Jr., ("Jose Jr.") the son of Defendant Jose Sr. and brother of Defendant Fernando.

21. Titan is informed and believes, and thereon alleges that at all times relevant times, Jose Jr. resided in Mexico and stored the Trailer at the A Plus Towing facility located in Sonoma County.

22. Titan is informed and believes, and thereon alleges at some time before August 24, 2012, Roberson made inquiries to defendants Fernando and/or Jose Sr. about purchasing the Trailer.

23. Titan is informed and believes, and thereon alleges that as neither Jose Sr. nor Fernando owned the Trailer, Jose Sr. and/or Fernando asked Jose Jr. if he wished to sell the Trailer, and that at some time on or before August 24, 2012, Jose Jr. gave defendants Fernando and/or Jose Sr. permission to sell his Trailer to Roberson.

24. Titan is informed and believes, and thereon alleges that on or about August 24, 2012, defendants Fernando and/or Jose Sr., acting on behalf of Jose Jr., transacted the sale of Jose Jr.'s Trailer to Roberson.

25. Titan is informed and believes, and thereon alleges that on or about August 24, 2012, Roberson entered the premises of A Plus Towing in Sonoma County and attached the Trailer to a truck he owned and/or operated, all without any supervision or involvement of defendants Fernando and/or Jose Sr.

26. Titan is informed and believes, and thereon alleges that ownership of the Trailer was transferred from Jose Jr. to Roberson on August 24, 2012, upon the sale of the Trailer to Roberson.

27. Titan is informed and believes, and thereon alleges that on August 24, 2012, upon attaching the Trailer to his vehicle, without any participation from either Jose Sr. or Fernando, Roberson left the premises of A Plus Towing, towing the Trailer.

28. Titan is informed and believes, and thereon alleges that on August 24, 2012, in Sonoma County, Rapp was struck by the Trailer after it became disconnected from Roberson's vehicle ("Accident").

29. Titan is informed and believes, and thereon alleges that Rapp claims personal injuries as a result of the Accident.

TITAN INDEMNITY COMPANY'S COMPLAINT

30. On or about October 2, 2012, Rapp filed the Initial Litigation seeking to recover for her alleged injuries in the Accident. Although Titan has no duty to defend or indemnify any claim in the action, Titan provided a defense, subject to a full reservation of rights, to Jose Sr., Fernando, and A Plus Towing in the Initial Litigation.

31. Titan is informed and believes, and thereon alleges that Rapp settled her claims against Roberson with respect the Accident in the Initial Litigation.

32. Titan is informed and believes, and thereon alleges that Rapp dismissed the Initial Litigation, without prejudice in early 2014.

33. On or about April 14, 2014, Rapp filed the Underlying Litigation against A Plus Towing, a General Partnership; Jose Hermosillo, individually and dba A Plus Towing; Fernando Hermosillo, individually and dba A Plus Towing; A Plus Towing, a business organization form unknown, and Does 1-10, seeking damages for her alleged injuries purportedly arising from the Accident.

THE TITAN POLICY

34. On or about March 2, 2011, Titan issued a California Business Auto Policy, policy number 9643601, effective June 6, 2012 – June 6, 2013 ("Titan Policy"), to Jose Hermosillo, Sr. dba A Plus Towing ("A Plus Towing"). A true and correct certified copy of the policy is attached hereto as **Exhibit 5**. The Titan Policy is incorporated by reference as though fully set forth herein.

35. The terms of the Titan Policy are too voluminous to recite herein, but the policy contains the following Business Auto Coverage Form insuring agreement, which provides in pertinent part:

> A.   **COVERAGE**
>
> **We** will pay all sums, within **our** Liability Coverage Limit of Insurance, an **insured** legally must pay as damages, other than punitive or exemplary damages, because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a **covered auto**.

6

TITAN INDEMNITY COMPANY'S COMPLAINT

36. The Titan Policy defines insured, in pertinent part, as:

    a.    You or any covered auto.

    b.    Anyone using a **covered auto** you own, hire or borrow, provided the use is by the named insured or with his or her permission, express or implied, and within the scope of that permission:

    1)    The owner or anyone else from whom you hire or borrow a **covered auto.**

This exception does not apply if the covered auto is a trailer connected to a covered auto you own.

    2)    **Your employee** if the **covered auto** is owned by that **employee** or a member of his or her household.

\*   \*   \*   \*

    5)    A partner (if **you** are a partnership) or a member (if you are a limited liability company) for **a covered auto** owned by him or her or a member of his or her household.

37. The Titan Policy defines covered autos as, in pertinent part, the following:

…Only those **autos** described in ITEM FOUR of the Declarations for which a premium charge is shown (and for Liability Coverage any trailers you don't own while attached to any power unit described in ITEM FOUR).

38. ITEM FOUR of the Declarations of the Titan Policy lists two tow trucks, but not (1) the trailer allegedly causing injuries to Rapp, or (2) the Ford F Super pickup truck, VIN No. 1FDLF47F8SEA14467, owned by Roberson to which that trailer was attached to immediately before the accident allegedly causing Rapp's alleged injuries.

39. The Titan Policy also covers certain trailers owned by the insured, stating, in pertinent part, that:

If Liability Coverage is provided by this Coverage From, the following types of vehicles are also **covered autos** for Liability Coverage.

    1.    Only those **trailers you** own with a bed measuring not more than

7

1   12 feet in length designed primarily for travel on public roads.

2   40. On or about December 1, 2012, Jose Hermosillo, Sr. dba A Plus Towing tendered
3   Initial Litigation to Titan.

4   41. On or about February 27, 2013, Titan denied Jose Hermosillo, Sr. dba A Plus
5   Towing and Fernando Hermosillo coverage for the Initial Litigation on the basis that, among
6   other things, the Trailer was not a Covered Auto.

7   42. Titan is informed and believes, and thereon alleges that neither Jose Hermosillo, Sr.,
8   individually or dba A Plus Towing, Jose Sr., nor Fernando ever objected to Titan's denial of its
9   claim or to Titan's determination that Jose Jr. was the true owner of the Trailer until it was
10  purchased by Mr. Roberson, on August 24, 2012, at which time it became Mr. Roberson's
11  property.

12  43. In a letter to Titan dated February 20, 2014, Rapp's counsel argued that the Trailer
13  was "owned by Titan's insured" and thus the Titan Policy covers the claim made by Rapp.
14  Rapp, through her attorney, made a policy limits demand for settlement of claims against Titan
15  and its insureds **(Exhibit 3.)**

16  44. In a letter to Rapp's attorney dated March 20, 2014, Titan responded to Rapp's
17  demand, denying that the Trailer was owned by Jose Sr. and/or Fernando and explaining that, as
18  such, the Titan Policy does not provide coverage for her claim. A true and correct copy of the
19  March 20, 2014 letter is attached hereto as **Exhibit 6**.

20  45. In a letter dated April 24, 2014, following the filing of Underlying Litigation,
21  counsel for Titan sent Rapp's counsel another letter, reiterating that the Trailer not owned by any
22  insured at any time, and as such there is no coverage under the Titan Policy. Titan further
23  suggested that the Underling Litigation should be dismissed as Rapp would not be able to
24  recover anything against Sr. and/or Fernando. A true and correct copy of the April 24, 2014
25  letter is attached hereto as **Exhibit 7**.

26  46. On or about May 30, 2014, Rapp renewed her demand to Titan, stating that the
27  Trailer was a Covered Auto under the Titan Policy based upon her assertion that the Trailer was
28  owned by Fernando, in partnership with Jose Hermosillo, Sr., dba A Plus Towing. **(Exhibit 4.)**

47. In response to the May 30, 2014 demand, on June 27, 2014, counsel for Titan sent another correspondence to counsel for Rapp, rejecting the demand on the basis that no coverage exists under the Titan Policy. A true and correct copy of the June 27, 2014 correspondence is attached hereto as **Exhibit 8.**

48. Titan is informed and believes, and thereon alleges that Rapp continues to prosecute the Underlying Litigation against Titan's insureds.

49. Rapp is named herein to ensure that any order and/or judgment issued in this matter is binding upon Rapp.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### Alleged Duty to Defend

50. Titan refers to Paragraphs 1-49 of this Complaint and incorporates the allegations set forth therein in full in this cause of action.

51. Titan is informed and believes, and thereon alleges that an actual controversy has arisen and now exists between Plaintiff Titan, on the one hand, and the Defendants, on the other hand, with respect to Titan's obligations, if any, under the subject insurance policy that Titan issued to Jose Sr. dba A Plus Towing.

52. Titan contends that it has no duty to defend A Plus Towing, a General Partnership; Jose Hermosillo, individually and/or dba A Plus Towing; Fernando Hermosillo, individually and/or dba A Plus Towing; and/or A Plus Towing, a business organization form unknown, in the Underlying Litigation pursuant to Titan's policy's provisions including, but not limited to, the definition of "covered auto," and in accordance with prevailing legal authority.

53. Titan is informed and believes and thereon alleges that the Defendants dispute the foregoing contention.

54. An actual controversy has arisen and now exists between Titan on the one hand, and the Defendants on the other hand, concerning Titan's duty to defend A Plus Towing, a General Partnership; Jose Hermosillo, individually and/or dba A Plus Towing; Fernando Hermosillo, individually and/or dba A Plus Towing; and/or A Plus Towing, a business organization form unknown, in the Underlying Litigation, if any, under the Titan Policy.

55. This Court is vested with the power in the instant case, and Titan hereby respectfully requests a judicial determination and declaratory judgment of its rights with respect to its duty to A Plus Towing, a General Partnership; Jose Hermosillo, individually and/or dba A Plus Towing; Fernando Hermosillo, individually and/or dba A Plus Towing; and/or A Plus Towing, a business organization form unknown, in the Underlying Litigation.

56. Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between Plaintiff Titan on the one hand, and Defendants on the other hand, as described herein.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

### Alleged Duty to Indemnify

57. Titan refers to Paragraphs 1-56 of this Complaint and incorporates the allegations set forth therein in full in this cause of action.

58. Titan contends that it has no duty to A Plus Towing, a General Partnership; Jose Hermosillo, individually and/or dba A Plus Towing; Fernando Hermosillo, individually and/or dba A Plus Towing; and/or A Plus Towing, a business organization form unknown, for any judgment entered in the Underlying Litigation, pursuant to the Titan Policy provisions, and in accordance with prevailing legal authority.

59. Titan is informed and believed and thereon alleges that the Defendants dispute the foregoing contention.

60. An actual controversy has arisen and now exists between Titan on the one hand, and the Defendants on the other hand, concerning Titan's duty to indemnify A Plus Towing, a General Partnership; Jose Hermosillo, individually and/or dba A Plus Towing; Fernando Hermosillo, individually and/or dba A Plus Towing; and/or A Plus Towing, a business organization form unknown, if any, under the Titan Policy.

61. This Court is vested with the power in the instant case, and Titan hereby respectfully requests a judicial determination and declaratory judgment of its eights with respect to its duty to indemnify A Plus Towing, a General Partnership; Jose Hermosillo, individually and/or dba A Plus Towing; Fernando Hermosillo, individually and/or dba A Plus Towing; and/or A Plus

1 Towing, a business organization form unknown, in the Underlying Litigation.

2 62. Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between Plaintiff Titan on the one hand, and the Defendants, as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Titan prays for judgment in its favor and against Defendants, and each of them, as follows:

1. For a judicial declaration that Titan has no duty to defend A Plus Towing, a General Partnership; Jose Hermosillo, individually and/or dba A Plus Towing; Fernando Hermosillo, individually and/or dba A Plus Towing; and/or A Plus Towing, a business organization form unknown, in the Underlying Litigation as a matter of law;

2. For a judicial declaration that Titan has no duty to indemnify A Plus Towing, a General Partnership; Jose Hermosillo, individually and/or dba A Plus Towing; Fernando Hermosillo, individually and/or dba A Plus Towing; and/or A Plus Towing, a business organization form unknown, under the Titan Policy for any judgment entered in the Underlying Litigation;

3. For costs of suit herein; and

4. For such other and further relief that the Court deems just and proper.

Titan demands a trial by jury.

DATED: August 26, 2014

SELMAN BREITMAN LLP

By: ___/s/ Galina Kletser Jakobson_
GALINA KLETSER JAKOBSON
JOEL A. MORGAN
Attorneys for Plaintiff TITAN INDEMNITY COMPANY, A Texas Corporation