**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TITAN INDEMNITY COMPANY,

    Plaintiff,

    v.

A PLUS TOWING, a General Partnership, JOSE HERMOSILLO, individually and dba A PLUS TOWING, FERNANDO HERMOSILLO, individually and dba A PLUS TOWING, A PLUS TOWING, a business organization form unknown, and KATRINA RAPP, an individual, and DOES 1–10,

    Defendants.
    /

No. C 14-03864 WHA

**NOTICE REGARDING DEFAULT AND DEFAULT JUDGMENT**

Now that a default has been recorded against a defendant herein, this notice provides guidance to counsel regarding the next step of default judgment.

    1.    All defendants against whom default and default judgment are sought should have been properly served with the summons and operative complaint. Proof of service, signed under oath, should be filed in the record. Please make sure that this has been done. As a courtesy and to provide yet further notice, defendants should be promptly mailed (or personally served with) a copy of the motion for a default judgment. If there is a genuine dispute or doubt as to service of the summons and operative complaint, an evidentiary hearing may be set.

    2.    The operative complaint must state a claim for relief in order for a default judgment to be enforced. *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 55, 61–70 (2d Cir. 1971), *reversed by Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 389 (1973).

No relief will be provided for inadequately-pled claims. Necessary facts outside of the pleading are *not* established by default and may not be added in by supplemental declaration. A common mistake is to assume that the scope of offending conduct can be fleshed out with supplemental declarations. Not so. The scope of offending conduct is limited to the well-pled allegations in the operative complaint served on the defaulting defendant, for this is the pleading to which the recipient had to decide whether to appear and defend versus concede by default. In other words, before a motion for a default judgment is filed, a plaintiff should make sure the operative complaint served on the defaulting defendant provides all of the allegations necessary. *Alan Neuman Productions., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989).

4. Once default judgment is entered, the undersigned judge will invite declarations as to damages flowing from the well-pled allegations in the operative complaint and in some instances will hold a prove-up evidentiary hearing to establish damages, if any. *See* FRCP 55(b)(2). Plaintiff should file all of the declarations and relevant documents necessary to show the damages sought. The motion should explain with specificity the damages flowing from (and only from) the well-pled allegations in the complaint. Please be reasonable. General unspecified damage claims will not be sufficient. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

5. Once judgment is entered, a new lawsuit against the same defendant by the same plaintiff based on the same transaction and occurrence will be barred by *res judicata*.

Dated: February 11, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2