IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITAN INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>A PLUS TOWING, a general partnership, JOSE HERMOSILLO, individually and dba A PLUS TOWING, FERNANDO HERMOSILLO, individually and dba A PLUS TOWING,<br><br>    Defendants.<br>                                        / | No. C 14-03864 WHA<br><br>**ORDER RE MOTION FOR DEFAULT JUDGMENT AND VACATING HEARING** |

## INTRODUCTION

In this declaratory-judgment insurance action, plaintiff moves for default judgment against defendants. To the extent stated below, plaintiff's motion is **GRANTED**. The relief granted herein is a declaration that plaintiff insurance company had no duty to defend or indemnify defendants in relation to the specific accident described below. The hearing set for November 4 is **VACATED**.

## STATEMENT

Plaintiff Titan Indemnity Company commenced this action in August 2014, seeking a declaration that it had no duty to defend or indemnify defendants A Plus Towing, Jose Hermosillo, Fernando Hermosillo, or Katrina Rapp under an insurance policy. The potential insurance claim stemmed from an accident in which a trailer, attached to a truck towed off of A Plus Towing's lot by a third party, detached and struck defendant Rapp, causing injuries.

1  Plaintiff properly served all defendants, with defendant Rapp the only one to respond to the
2  complaint.  In February of this year, the Clerk entered default against defendants Jose
3  Hermosillo, Fernando Hermosillo, and A Plus Towing (Dkt. No. 41).  The case proceeded
4  against defendant Rapp.  Despite never responding to the complaint, defendants Jose and
5  Fernando Hermosillo appeared for their depositions during the discovery phase of this case.  In
6  September, an order granted plaintiff's motion for summary judgment against defendant Rapp,
7  finding that there was no material dispute as to the fact that none of the defendants ever owned
8  the trailer at issue (Dkt. No. 62).

9  Now, plaintiff moves for a default judgment against the remaining defendants — A Plus
10 Towing, Jose Hermosillo, and Fernando Hermosillo.  After filing this motion, plaintiff attested
11 that it properly served these defendants with the present motion.  No response or opposition has
12 been received.

**ANALYSIS**

Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment against a defendant that has failed to otherwise plead or defend against the action. Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible."  In the Ninth Circuit, a district court must consider the following factors when deciding whether or not to use its discretion in granting a motion for default judgment:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–1472 (9th Cir. 1986) (citation omitted).  Here, these factors favor entry of default judgment against defendants.

With respect to determining liability and entry of default judgment, the general rule is that well-pleaded allegations in the complaint regarding liability are deemed true (except for the amount of damages).  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Consequently, this order finds that *Eitel* factors two, three, four, five, and six weigh in favor of

the entry of default judgment against defendants. As stated above, a previous order acknowledged the merits of plaintiff's substantive claims and the sufficiency of its complaint by granting plaintiff's motion for summary judgment against defendant Rapp (Dkt. No. 62). As there are no money damages at issue in our case (only declaratory relief) factor four is easily satisfied.

Furthermore, there is no possibility of a material dispute of fact. During their depositions in this case, defendants Jose and Fernando Hermosillo stated that they did not own the truck at issue and thus had no interest in making any insurance claim based on ownership of that truck. Moreover, there is no evidence of excusable neglect, as defendants were properly served with all pleadings, sat for depositions, and were thus fully aware of the existence of the present case. Although federal policy favors decisions on the merits, the circumstances surrounding this case indicate that default judgment under FRCP 55(b) is proper.

## CONCLUSION

To the extent stated herein, plaintiff's motion for default judgment against defendants is **GRANTED**. Specifically, this order declares that plaintiff Titan Indemnity Company had no duty to defend or indemnify defendants A Plus Towing, Jose Hermosillo, or Fernando Hermosillo in relation to the accident that occurred on August 24, 2012 under the insurance policy described above. Based on the record presented, there is no need for a prove-up hearing. The case is at an end and the **CLERK SHALL PLEASE CLOSE THE FILE**. Judgment will be entered separately. The hearing set for November 4 is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 28, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3